GEORGE H. JONES v. GEORGE P. JONES, ADMR.

1. CONTINUING AND SUBSISTING TRUSTS CAN ONLY BE SATISFIED BY PERFORMANCE.

Continuing and subsisting trusts, which arise only by appointment or contract, are only cognizable equity, are without the statute, as there is no time at which the cause of action accrues, and can only be satisfied by performance.

2. EXCEPTION OF SUCH TRUSTS FROM STATUTE OF LIMITATIONS MERELY SAVES PREVAILING RULE.

In excepting continuing and subsisting trusts from the operation of the statute of limitations, the legislature was merely recognizing and saving a prevailing rule.

3 TERMINATION OF A PARTNERSHIP BY OPERATION OF LAW.

A partnership entered into for the purpose of dealing in war scrip (to induce the government to accept such scrip and pay for it) without agreement as to limitation, but simply providing that at the discontinuance of the agreement the net proceeds of the co-partnership business should be added to the capital stock and the whole divided, terminated and discontinued when there was no further business to do and when the assets had all been converted into cash or its equivalent.

4. SUCH PARTNERSHIP CREATES NO CONTINUING AND SUBSISTING TRUST.

Such partnership agreement itself fixed the time for an accounting (by operation of law, when there was no further business to do) and all that either partner had to do was to divide the assets and pay his co-partner. Under these circumstances there is no subsisting and continuing trust in favor of either.

5. TIME FOR ACCOUNTING—STATUTE BEGINS TO RUN.

The time for an accounting was when the partnership terminated, under the rule above stated, when one of the partners, who held the assets, ceased to be a partner and became a debtor to his co-partner; a right of action then accrued and the statute of limitations runs from that time.

6. ACTION BARRED BY THE STATUTE.

Therefore, under the rule above stated, where the partnership terminated in 1861 and action by the administrator of a deceased partner to recover decedent's share of the proceeds of such partnership, is barred by the statute of limitations.

ERROR to the Court of Common Pleas of Hancock county.

NORRIS, J.

The plaintiff in his third amended petition rests his cause of action upon the following allegations of fact:

The defendant is the administrator of the estate of Elijah P. Jones, deceased.

Elijah P. Jones, or E. Pelton Jones, as he is called in the petition, who died on July 19, 1894, was on November 27, 1857, a resident of Findlay, Ohio, and the plaintiff was a resident of Oregon, and on that date, at Findlay, Ohio, they made this contract in writing: They each agreed to place $15,000 together as a capital stock of $30,000, and to devote the same for their joint profit so long and in such manner as they could agree, and no longer. The name of the firm was E. Pelton Jones and George H. Jones & Company.

It is stipulated that at the discontinuance of this agreement all the net proceeds of the partnership business shall be added to the capital

stock and the whole be equally divided between the parties. Each agreed to devote his time, labor and talent to the partnership business.

On the same day, November 27, 1857, a further agreement was entered into which is supplemental to the foregoing. It recites that George H. Jones has put into this firm $15,000 in Oregon war scrip which is his full share of the capital stock, and E. Pelton Jones has put in $8,864.81 in Oregon war scrip, and also his note for $6,134.69. This note was executed to the firm, and was payable when the Oregon war scrip belonging to the firm should be paid by the government, and the note to be under the same conditions of interest as the war scrip shall be to the firm.

This contract then recites the object and scope of the partnership, which was to deal in Washington and Oregon war scrip, and to invest the proceeds thereof for the benefit of the firm. The contract then recites that George H. Jones deposited with said firm in war scrip the further sum of $2,432.40, which is to be placed to his credit on the books and converted into money as soon as the government pays the scrip. And it is provided that if any of this scrip put into the capital stock shall not be allowed in full by the government, George H. Jones agrees to make up to the firm and to E. Pelton Jones the deficiency in said stock. This is because, says the contract, George H. Jones sold E. Pelton Jones the war scrip which he put into said firm with the express agreement to make it good to him. But if no part of this war scrip is paid by the government, the scrip is not by said George H. Jones to be made good.

The contract and this supplement to it are both in writing, and both signed by the parties at Findlay, Ohio. Under these stipulations the firm dealt in Oregon and Washington war scrip. E. Pelton Jones presented to the government and ·collected the scrip so handled by said firm, and the plaintiff executed to E. Pelton Jones his full power of attorney to enable and to expedite the conversion of this scrip into· cash. The petition gives the amount of scrip handled by the firm, and claims the amount due plaintiff from said firm, in full of his interest in its transactions, was $11,927.95. The last amount in making up this sum was received by E. Pelton Jones on October 18, 1861, and it was the last transaction of said partnership. It all came into the hands of E. Pelton Jones prior and up to that date. The petition says he returned it and made no account to plaintiff up to his death in July, 1894, and since·then that the defendant, the administrator, has received and kept it.

Plaintiff presented his duly probated claim to the administrator, who refused to allow it as a valid claim against the estate of E. Pelton Jones, deceased. The plaintiff asserts that under the facts recited E. Pelton Jones during his lifetime, and this administrator since his decease, are as to the assets of said firm and this liability trustees of a continuing trust, and that defendant is as such trustee required to account and to pay to the plaintiff his interest in said assets, which is claimed to amount to $11,927.95, and for this relief he prays.

There is a second cause of action in the petition to which a demurrer was sustained, but which cuts no figure here. To the first cause of action in the third amended petition defendant filed a demurrer, the grounds of which are:

First—That the first cause of action does not state facts sufficient to constitute a cause of action.

Second—Because said first cause of action and all remedies therein are barred by the statute of limitations. Because no right of action has accrued thereon for more than six years and for more than ten years, and for more than thirty-five years before the commencement of this action.

This demurrer was submitted to the court of common pleas and was sustained. The plaintiff not pleading further, the court rendered judgment on the demurrer and dismissed the third amended petition, and adjudged the costs against the plaintiff. To this judgment of the common pleas the plaintiff prosecutes error. The error assigned and urged here for reversal is in sustaining the demurrer to the first cause of action in the third amended petition.

The plaintiff claims that the facts set up in the first cause of action in the third amended petition place him in the position of cestui que trust of a continuing and subsisting trust, with the defendant succeeding the decedent as the trustee of this continuing and subsisting trust, and that trusts of this character being especially excluded from the operation of the statute of limitations, the demurrer is not well taken and should have been overruled.

This exception by the legislature was merely recognizing and saving a rule that already prevailed. It does not appear that either the decedent and the defendant after him are charged with fraud or concealment of any fact which would class them or either of them as a trustee ex maleficio. But the trust which is here sought to be enforced belongs to that technical character of trusts which arise by appointment of law or by contract or deed, in which case there is no time at which the cause of action accrues, but the cause of action exists at all times from the creation of the trust, and so continues and subsists with the continuing and subsisting obligation enjoined by the trust, and is a part of it. Trusts of this character, continuing and subsisting trusts; trusts which arise only by appointment or by contract, the purpose of which is to create them, are only cognizable in equity, and without the statute can only be satisfied by performance.

These parties, the plaintiff and E. Pelton Jones, were no doubt partners; the purpose of this co-partnership was to deal in Oregon and Washington war scrip, and to induce the general government to accept this scrip as a valid claim and pay it; by the stipulations of the partnership contract no other business venture was to be considered or embarked in by the firm, and the firm did embark in no other, but only dealt in war scrip; that was what the parties agreed to do; that was the agreement. At the discontinuance of the agreement, says the contract, the net proceeds of the co-partnership business shall be added to the capital stock and the whole divided between the parties.

Now, when did this partnership end; when did the agreement discontinue; when did the partnership cease, for then they were to divide? Why, it ceased when there was no longer business to do; it ended when its assets had all been converted into cash, or the equivalent of cash, after which time no business of any kind was transacted by the firm. This was on October 18, 1861, nearly thirty-six years before this action was commenced. The contract of partnership itself fixed the time for accounting. The time for accounting was when the partnership terminated, when there was no further necessity for its continuance, and nothing else for it to do. There was no exigency rendering further time for an accounting necessary, and there was no agreement that there should

be further time to account. E. Pelton Jones held the assets of the firm. The interest of each was fixed; all he had to do was to divide the assets by two and pay to his co-partner, the plaintiff, his half, by adding the net proceeds to the capital stock and dividing it by two. So he was charged with no duty but to pay this to his partner, and this duty arose in 1861, after October 18. And the right of the plaintiff to compel payment then arose, his right of action then accrued. And when the defendant saw that one who had ceased to be his partner but had become his debtor and was holding this money for a longer time than was consistent with good faith, he should have commenced his action, and not allowed such time to have elapsed as imported bad faith upon his part. So that, upon the authority in Gray v. Kerr, 46 O. S., 652, and elsewhere, we are not of the opinion that the third amended petition shows such a state of facts as will support a subsisting and continuing trust in favor of the plaintiff, and conclude that the demurrer is well taken.

The judgment of the common pleas court is, therefore, affirmed at the cost of plaintiff in error, and the case is remanded for execution.

*Bittler & Dwiggins* and *A. Blackford,* for plaintiff in error.

*J. A. & E. V. Bope,* for defendant in error.